## Continuation of Application for Search Warrant

### INTRODUCTION

Based on my knowledge, training and experience, and the investigation of law enforcement officers with personal knowledge and with whom I am working, I, Brent Erk, being duly sworn, depose and state as follows:

1. Based on the information set forth below, there is probable cause to believe that evidence of violations of federal law, specifically, Title 21, U.S.C. § 841(b)(1)(B), Possession with Intent to Distribute 5 grams or more of crystal methamphetamine (ICE) and Title 18, U.S.C. § 922 (g)(1), felon in possession of a firearm will be found on certain of the 4 electronic devices (hereinafter the "**Subject Devices**"), specifically:

    a. Samsung, Midnight Blue, cell phone bearing IMEI: 35339111211889 (Lansing PD evidence Item #13) seized from inside the vehicle;

    b. LG, Black, cell phone with an unknown serial or IMEI number. (Lansing PD evidence Item #14) seized from inside the vehicle;

    c. LG, Silver, cell phone bearing IMEI# 354527116000393. (Lansing PD evidence Item #15) seized from inside the vehicle; and

    d. LG, White, cell phone bearing IMEI# 356284102497864. (Lansing PD evidence Item #16) seized from inside the vehicle.

The categories of electronically stored information and evidence sought are described in Attachment B.

2. This Application requests the issuance of a warrant to examine the **Subject Devices** which were seized on January 27. 2021, following the arrest of BRANDON WAYNE PEARSON, which resulted in the seizure of the **Subject**

**Devices**, a stolen Bersa, 9mm, semi-automatic pistol bearing Serial # K10859, approximately 39.7 grams of crystal methamphetamine (ICE), 13 individually packaged bindles of a mixture of fentanyl and heroin, and two digital scales.

## APPLICANT'S TRAINING AND EXPERIENCE

3. I am a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice and have been since 2018. I am also a Lansing Police Officer and have been a police officer for 28 years. I am currently assigned to the Lansing Satellite Office in the Detroit Field Division embedded into the Lansing Police Department Violent Crime Impact Team. During my time as a Task Force Officer, I have participated in investigations involving felons in possession of firearms, firearm trafficking, subjects possessing stolen firearms, unlawful drug trafficking and among other things, have conducted surveillance and the execution of search warrants. During my tenure with the ATF as a Task Force Officer, I have been specifically involved in numerous firearms and illegal narcotics investigations resulting in arrests and convictions.

4. The information set forth in this continuation for a search warrant is based upon my personal knowledge, as well as information provided to me by other law enforcement officers. As this continuation is submitted solely to establish probable cause for the search of the **Subject Devices**, I have not set forth all of the information known to me or to other law enforcement officers concerning this matter. I also know from training and experience that drug traffickers frequently utilize mobile telephones and other electronic devices, such as tablets and laptop and

desktop computers, to facilitate drug trafficking. Mobile telephones are portable, and some mobile telecommunications service providers do not require purchasers of the devices to provide their names and/or addresses, so narcotics traffickers often use the devices in an effort to avoid detection by law enforcement.  Mobile phones often contain evidence indicative of drug trafficking, including records of incoming and outgoing calls and text messages with suppliers of narcotics; voicemail messages; photographs of drugs, photographs of firearms, coconspirators, or currency; and, in the case of "smart phones," Global Positioning System (GPS) data indicating the location of the device at given points in time, providing evidence that the device was in high drug trafficking areas or evidencing the route used in trafficking narcotics. Additionally, drug traffickers typically maintain and use multiple mobile phones to facilitate sales, and frequently switch phones to evade detection by law enforcement. Further, these types of devices are frequently used to access social media websites such as Facebook, Instagram, etc.  In my training and experience, drug traffickers are using social media with increasing frequency to communicate with suppliers and purchasers of narcotics.

**PROBABLE CAUSE**

5. On January 27, 2021, the Lansing Police Department Violent Crime Team and the Michigan State Police Secure Cities Partnership in Lansing, MI were conducting surveillance on BRANDON WAYNE PEARSON.  Lansing Police Officers received information from an anonymous person that BRANDON PEARSON was driving around in a maroon colored SUV. LPD Officers were familiar with

BRANDON PEARSON by sight and knew that he had several valid arrest warrants.

6. LPD Officers and MSP were conducting surveillance in both uniform and unmarked police vehicles. At approximately 10:59 a.m., Officers located BRANDON PEARSON driving a maroon colored Acura SUV bearing improper Michigan license plate EHT9363 near the intersection of N. Cedar St. and Grand River Ave., in the City of Lansing. LPD Officers confirmed visually that BRANDON PEARSON was driving the vehicle.

7. Investigators attempted to make a motor vehicle stop of PEARSON in the vehicle at Willow and Princeton Streets. PEARSON used his vehicle to ram an MSP patrol vehicle in an attempt to flee. PEARSON's vehicle became disabled and he fled the driver seat of the vehicle on foot. Investigators pursued PEARSON on foot. During the foot pursuit, several officers observed PEARSON reach into his waist band and pull out a tan in color semi-automatic pistol. Officers observed PEARSON throw the pistol to the ground and recovered the Subject Pistol. Notably, PEARSON has previously been convicted of multiple separate felonies in the 30th Circuit Court of Ingham County, Michigan, involving controlled substance delivery and firearms violations, all punishable by more than one year, therefore, he does not have the lawful right to possess a firearm. Affiant consulted with an ATF firearms NEXUS expert concerning the Subject Pistol and the expert determined that the Bersa pistol was manufactured outside the State of Michigan.

8.      Officers conducted a LEIN check of the Subject Pistol and found that it was stolen out of the City of Lansing on October 21, 2020.  Additionally, Officers located a clear plastic baggy containing what they recognized to be approximately 39.7 grams of crystal methamphetamine ("Ice") in the backseat of the vehicle on the floor board. Officers also located 13 individually packaged bindles of fentanyl and heroin mixture, and two digital scales.  While there was also a passenger in the car with PEARSON, PEARSON later admitted to investigators that the drugs belonged to him.  In my training and experience as a 28-year police officer, I recognize that the "Ice" crystalline substance is known as crystal methamphetamine and I recognize it as pure methamphetamine.  I also know through my training and experience that smaller amounts of methamphetamine "Ice" (1 gram or less) are usually the normal amount possessed for personal use.  Additionally, through my training and experience, I know that larger amount of methamphetamine (approximately 39.7 grams with packaging) is indicative of distributions amounts.  Based on my training and experience, I believe the crystalline form of 39.7 grams of methamphetamine recovered from PEARSON's car to be pure crystal methamphetamine intended for distribution.  The crystal methamphetamine has been submitted to the DEA Laboratory for further analysis.  Violent Crime Team Officers also located two digital scales in the subject vehicle.  I also know through my training and experience that possessing scales along with a controlled substance is indicative of narcotics distribution.

9. Following the instruction of his Miranda Rights, LPD Violent Crime Team Officers conducted an interview of PEARSON. In the interview, PEARSON admitted ownership of crystal methamphetamine and stated to officers that he possessed the drugs for personal use. PEARSON also admitted that he had purchased the Bersa semi-automatic pistol off the streets approximately 2 months prior and used it for protection.

10. Based on the information set forth above, the physical evidence seized, (including a Bersa, 9mm, semi-automatic pistol bearing Serial # K10859, approximately 39.7 grams of crystal methamphetamine (ICE), 13 individually packaged bindles of the fentanyl and heroin mixture, two digital scales and the **Subject Devices**; and my knowledge, training and experience in drug trafficking investigations and felon in possession of firearms investigations, I respectfully submit there is probable cause to believe additional evidence of drug trafficking and being a felon in possession of a firearm will be found in electronic format on the **Subject Devices**. In this case, four (4) cell phones were located inside the passenger compartment of the vehicle where BRANDON WAYNE PEARSON fled from and left behind the methamphetamine and heroin before his arrest.

11. Based on the totality of the circumstances discussed above, there is probable cause to believe that those **Subject Devices** will contain contact lists, telephone logs, photographs and other data that relate to drug trafficking, drug traffickers and illegal possession of firearms.

12. The **Subject Devices** are currently in storage at the Bureau of Alcohol, Tobacco, Firearms and Explosives Lansing Satellite Office located inside the Lansing Police Department Operations Center in Lansing, Michigan. The **Subject Devices** have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the **Subject Devices** were first seized by the Lansing Police Department Officers on January 27, 2021.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

13. The warrant applied for would authorize the extraction and copying of electronically stored information, all under Rule 41(e)(2)(B).

14. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

15. *Forensic evidence.* As further described in Attachment A, this application seeks permission to locate forensic electronic evidence that establishes how the **Subject Devices** were used, the purpose of the use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the **Subject Devices** because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

    b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

16. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Subject Devices** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

17. I respectfully submit that there is probable cause to believe that BRANDON WAYNE PEARSON has engaged in the distribution of 5 grams or more of crystal methamphetamine (ICE) in violation of 21 U.S.C §§ 841(b)(1)(b) and that BRANDON WAYNE PEARSON was a previously convicted felon in possession of a firearm, in violation of 18 U.S.C §§ 922(g)(1). Based on this information, this Court signed a criminal warrant charging PEARSON with these crimes on January 28, 2021 in case number 1:21-mj-50. I submit that this application supplies probable cause for a search warrant authorizing the examination of the **Subject Devices** described in Attachment A to seek the items described in Attachment B.